UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LEONARDO MEDINA,

                Plaintiff,

-against-

CHINESE GOVERNMENT AND THE TOWN OF WUHAN,

                Defendants.

20-CV-3644 (CM)

ORDER OF DISMISSAL

---

COLLEEN McMAHON, Chief United States District Judge:

    Plaintiff, currently incarcerated at Downstate Correctional Facility, brings this *pro se* action under 42 U.S.C. § 1983. By order dated June 10, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*.[1] The Court dismisses the complaint for the reasons set forth below.

## STANDARD OF REVIEW

    The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). While the law mandates dismissal on any of these grounds, the Court is obliged to construe pro se pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they suggest," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed *in forma pauperis. See* 28 U.S.C. § 1915(b)(1).

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (holding that "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted).

## BACKGROUND

Plaintiff makes the following allegations:

I wish to bring claim as a poor person against [the Chinese government and the Town of Wuhan] citing a violation of 8th Amendment right to be free from cruel and unusual punishment as well as neglect in its handling in reference to the current epidemic (Coronavirus COVID 19). The fact that it started in the Town of Wuhan and eventually caused a worldwide crisis show[s] clear neglect on their behalf. . . .

[T]hey enabled the spread by restricting domestic travel but allowing international travel is criminal in nature. They are also neglecting to release information about the virus which they had the sole responsibility to study in a safe manner . . . .

The Chinese government is letting the world die in the name of 'privacy' of a study . . . . They are forcing us to endure death.

(Compl. at 1). He seeks "$1,000,000 billion dollars" in damages. (*Id.*)

## DISCUSSION

Even when read with the "special solicitude" due *pro se* pleadings, *Triestman*, 470 F.3d at 474-75, Plaintiff's claims rise to the level of the irrational, and there is no legal theory on which he can rely. *See Denton*, 504 U.S. at 33; *Livingston*, 141 F.3d at 437.

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*,

657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend and dismisses the action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

Plaintiff's complaint is dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: June 10, 2020
       New York, New York

                                      COLLEEN McMAHON
                                      Chief United States District Judge